UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------X

PENNY LETENDRE,

                    PLAINTIFF,                    C.A. NO 05-CV-10656MLW

v.

MIN S. AHN, M.D., and JANE DOE, and
MIN S. AHN M.D., P.C., d/b/a
THE AESTHETIC WELLNESS CENTER

                    DEFENDANTS
-----------------------------------------------------------X

**MEMORANDUM OF LAW OF DEFENDANTS MIN S. AHN, M.D., and
MIN S. AHN, M.D., P.C. d/b/a THE AESTHETIC WELLNESS CENTER IN
SUPPORT OF THEIR MOTION TO CONVENE A MEDICAL MALPRACTICE
TRIBUNAL PURSUANT TO M.G.L. 231 § 60B**

The Defendants Min S. Ahn, M.D., and Min S. Ahn, M.D., P.C., by counsel,

respectfully request that this Court convene a Medical Malpractice Tribunal as soon as

possible. As grounds for this Request, the Defendant Min S. Ahn, by counsel, states that

the allegations as against him are in medical malpractice; that he is a licensed health care

provider as defined by G.L. c. 231, §60B; and as such he has a statutory entitlement to a

tribunal within 15 days of filing his Answer.

An Answer was filed in this matter on July 20, 2004. To date, a tribunal has not

yet been convened. A request that a Medical Malpractice Tribunal be convened was

included in the Defendants' Answer.

This matter was originally filed in the Federal District Court for the District of

Rhode Island. The defendants subsequently filed a Motion to Dismiss and/or Transfer

this case to Massachusetts as a result of a lack of minimum contacts between the

Letendre v. Min S. Ahn, M.D.                                                    2
Request of Defendant Min S. Ahn, M.D. for
Medical Malpractice Tribunal

Defendants and Rhode Island for purposes of personal jurisdiction.   The District Court

granted Defendants' Motion to Transfer finding a lack of minimum contacts.  This case

was transferred to the District of Massachusetts.  A copy of the Order of transfer is

annexed hereto as Exhibit A.  Discovery is ongoing in this matter.

It is well-established that a federal court sitting in diversity is required to apply

M.G.L. 230 § 60B.  Feinstein v. Mass. Gen. Hosp., 643 F.2d 880, 885 (1st Cir. 1981).  In

Feinstein, supra, as in this case, a Rhode Island plaintiff appealed an Order of the District

of Massachusetts Court granting defendant's Motion to Convene a Tribunal.  On appeal,

the First Circuit held that the defendant was entitled to a tribunal and to all of the

protections of the Malpractice Tribunal Statute.  Id.  Therefore, as this case is

indistinguishable from Feinstein, the defendants respectfully request that this Court issue

an Order that a Medical Malpractice Tribunal be convened prior to the close of discovery.

**Wherefore**, defendant respectfully requests that this Honorable Court convene a

Medical Malpractice Tribunal as soon as possible with a medical member from within

Doctor Ahn's specialty of dermatology.

> Respectfully submitted
> Min S. Ahn, M.D. and Min S. Ahn, M.D., P.C.
> by counsel,
>
>
> Andrew T. Neuwirth
> B.B.O. #659415
> Foster & Eldridge, LLP
> One Canal Park, Suite 2100
> Cambridge, MA 02141

Date:  5|13|05

**Exhibit A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
...S OFFICE

PENNY LETENDRE

v.

MIN S. AHN, M.D.; JANE DOE; and
MIN S. AHN, M.D., P.C., d/b/a THE
AESTHETIC WELLNESS CENTER

2005 MAY 17  A 11: 51

C.A. No. 04-199ML

DISTRICT COURT
DISTRICT OF MASS

## MEMORANDUM AND ORDER

This matter is before the court on the motion to dismiss filed by the defendants Min S.

Ahn, M.D. and Min S. Ahn, M.D., P.C., d/b/a the Aesthetic Wellness Center.[1]  Alternatively,

defendants seek transfer of this action to the United States District Court for the District of

Massachusetts. In support of their motion, defendants contend that the United States District

Court for the District of Rhode Island lacks personal jurisdiction over them. The plaintiff has

filed an objection to defendants' motion. Additionally, the plaintiff has filed a motion for leave

to conduct jurisdictional discovery.  The defendants object to plaintiff's motion.

The Court has reviewed the parties' memoranda and supporting exhibits, including Dr.

Ahn's affidavit of December 28, 2004, and the plaintiff's answers, dated December 1, 2004, to

defendants' interrogatories.  The Court concludes that it lacks personal jurisdiction over either

defendant.  Further, the Court concludes that it is in the interest of justice that the action be

transferred to the District of Massachusetts, which both defendants concede possesses personal

jurisdiction over them. 28 U.S.C. § 1631; see Cimon v. Gaffney, ___ F.3d ___, ___ n. 21, 2005

WL 552858 at *5, n. 21 (1st Cir. 2005).  Moreover, the Court finds that the plaintiff has failed to

demonstrate that jurisdictional discovery is warranted.

---

[1] The defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(2) and 12(c).  The
Court considers the motion as one filed pursuant to Rule 12(c).

32

Accordingly, the defendants' motion to dismiss plaintiffs' complaint is denied. Pursuant to 28 U.S.C. § 1631, the matter is hereby transferred to the United States District Court for the District of Massachusetts. The plaintiff's motion for leave to conduct jurisdictional discovery is denied.

SO ORDERED.

Mary M. Lisi
United States District Judge

March 31, 2005

2