UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PENNY LETENDRE,
    Plaintiff,

v.

MIN S. AHN, M.D., and JANE DOE, and
MIN S. AHN M.D., P.C., d/b/a
THE AESTHETIC WELLNESS CENTER
    Defendants

C.A. NO 05-CV-10656MLW

**MOTION OF DEFENDANTS MIN S. AHN, M.D. AND MIN S. AHN, M.D., P.C. d/b/a THE AESTHETIC WELLNESS CENTER TO DISMISS PURSUANT TO F. R. Civ. P. 12(b)(6) FOR FAILURE TO POST A TRIBUNAL BOND AND FOR ENTRY OF SEPARATE AND FINAL JUDGMENT**

    Defendants move for the Entry of a Judgment of Dismissal pursuant to Massachusetts General Law Chapter 231 §60B and for the entry of Separate and Final Judgment pursuant to F.R.Civ. P. 54(b).

    As grounds for this Motion Defendant states:

1.     This is an action in medical malpractice;

2.     By Order of this Court, this case was referred to Suffolk Superior Court to convene a Medical Malpractice Tribunal. A Medical Malpractice Tribunal was convened for a hearing as to Defendants on March 6, 2006;

3.     On March 6, 2006, a Finding of the Medical Malpractice Tribunal entered, finding for Defendants, Min S. Ahn, M.D. and Min S. Ahn, M.D., P.C. d/b/a The Aesthetic Wellness Center, requiring that Plaintiff Penny Letendre, file a $6,000.00 bond in order to pursue the claim through the usual judicial process. A copy of the Suffolk Superior Court's Order is annexed hereto as Exhibit A.

4.     Plaintiff Penny Letendre did not file a bond as to the claims against Defendant Min S. Ahn, M.D. and Min S. Ahn, M.D., P.C. d/b/a The Aesthetic Wellness Center within thirty days of March 6, 2006. A copy of the Suffolk Superior Court's docket sheet is annexed hereto as Exhibit B. General Law 231 §60B provides in pertinent part: If a finding is made for the defendant or defendants in the case, the Plaintiff may pursue the claim through the usual judicial process only upon filing a bond in the amount of six thousand dollars…"If said bond is not

posted within 30 days of the Tribunal's finding, the action shall be dismissed [with prejudice]". <u>Farese v. Connolly</u>, 422 Mass. 1010 (1996).

5. For the foregoing reasons, this action must be dismissed as to each of the defendants.

6. There is no just reason for delay of entry of Separate and Final Judgment in favor of Defendant Min S. Ahn, M.D. and Min S. Ahn, M.D., P.C. d/b/a The Aesthetic Wellness Center.

Exhibits B and C attached hereto are, respectively, copies of proposed findings and of a proposed judgment with respect to entry of Separate and Final Judgment.

Respectfully submitted,
Min S. Ahn, M.D. and Min S. Ahn,
M.D., P.C. d/b/a The Aesthetic
Wellness Center by counsel,

_____
Andrew T. Neuwirth
B.B.O. # 659415
Foster & Eldridge
One Canal Park, Suite 2100
Cambridge, MA  02141
Telephone:  (617) 252-3366

DATED: 4/११/06

# EXHIBIT A

## Commonwealth of Massachusetts
### County of Suffolk
### The Superior Court

*Notify*                                    9/10/

CIVIL DOCKET# **SUCV2005-04350**

**Penny Letendre**
vs.
**Min S Ahn MD**

Notice sent
3/10/2006
A. N.
F. & E.
P. J. P.
J. P. K.
P. & P.LAW OFFS.

### FINDING OF THE MEDICAL MALPRACTICE TRIBUNAL
(Pursuant to M.G.L. Chapter 231, Section 60(b) as amended)

The above entitled action came on for hearing before the appointed medical tribunal on **03/06/2006**, and was argued by counsel, and thereupon, upon consideration thereof, the plaintiff(s) offer of proof, pleadings, hospital records and other documents presented, the tribunal finds:                                                                                                        (sc)

*(1) For the plaintiff(s) _____ and that the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

*(2) For defendant(s) _Min S. Ahn (as to three direct claims alleging his own negligence)_ because the plaintiff(s) _Penny Letendre_ _____ action is merely an unfortunate medical result. (offer fails to show that there was any failure to supervise or train on the part of Bennett on the part of the defendant Ahn.)

If a finding is made for the defendant or defendants in the above entitled action **the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of Six Thousand ($6,000.00) Dollars in the aggregate** secured by cash or its equivalent with the Clerk/Magistrate of this court, payable to the defendant or defendants in said action for costs assessed, including witness and expert fees and attorneys fees if the plaintiff(s) does/do not prevail in the final judgment. The presiding justice may, withing his/her discretion, increase the amount of the bond required to be filed. **If said bond is not posted within thirty (30) days of the tribunal's finding the action shall be dismissed.** Upon motion filed by the plaintiff(s), and a determination by the court that the plaintiff(s) is/are indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof.

*I dissent from the decision of the judge and the doctor in this case.

Dated: **03/06/2006**

_____        _____
Justice of the Superior Court                   Associate Justice of the Superior Court Dept.

Legal Member:
                                                                  _____
                                                                       Attorney - Tribunal Member

Medical Member:
                                                                  _____
                                                                       *Physician - Tribunal Member
                                                                  *Health Care Provider - Tribunal Member

*strike inapplicable words

cm

# Commonwealth of Massachusetts
## County of Suffolk
### The Superior Court

CIVIL DOCKET# SUCV2005-04350

**Penny Letendre**
vs.
**Min S Ahn MD, PC dba**

Notice sent
3/10/2006
A. N.
F. & E.
P. J. P.
J. P. K.
P. & P. LAW OFFS.

### FINDING OF THE MEDICAL MALPRACTICE TRIBUNAL
(Pursuant to M.G.L. Chapter 231, Section 60(b) as amended)

(sc)

The above entitled action came on for hearing before the appointed medical tribunal on **03/06/2006**, and was argued by counsel, and thereupon, upon consideration thereof, the plaintiff(s) offer of proof, pleadings, hospital records and other documents presented, the tribunal finds:

*(1) For the plaintiff(s) _____ and that the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

*(2) For defendant(s) __Min Ahn MD P.C._____ because the plaintiff(s)_____ action is merely an unfortunate medical result. (see reasons set forth as to claims against Dr Ahn individually)

If a finding is made for the defendant or defendants in the above entitled action **the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of Six Thousand ($6,000.00) Dollars in the aggregate** secured by cash or its equivalent with the Clerk/Magistrate of this court, payable to the defendant or defendants in said action for costs assessed, including witness and expert fees and attorneys fees if the plaintiff(s) does/do not prevail in the final judgment. The presiding justice may, withing his/her discretion, increase the amount of the bond required to be filed. **If said bond is not posted within thirty (30) days of the tribunal's finding the action shall be dismissed**. Upon motion filed by the plaintiff(s), and a determination by the court that the plaintiff(s) is/are indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof.

*I dissent from the decision of the judge and the doctor in this case - [signature]*

Dated: 03/06/2006

_____     _____
Justice of the Superior Court        Associate Justice of the Superior Court Dept.

Legal Member: _____
                                      Attorney - Tribunal Member

Medical Member: _____
                                      *Physician - Tribunal Member
                                      *Health Care Provider - Tribunal Member

*strike inapplicable words

cm

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PENNY LETENDRE,
    Plaintiff,

v.

MIN S. AHN, M.D., and JANE DOE, and
MIN S. AHN M.D., P.C., d/b/a
THE AESTHETIC WELLNESS CENTER
    Defendants

C.A. NO 05-CV-10656MLW

**FINDINGS UNDER RULE 54(b) AS TO DEFENDANTS
MIN S. AHN, M.D. AND MIN S. AHN, M.D., P.C.**

1. This action came before the Court on the Motion of Defendant Min S. Ahn, M.D. and Min S. Ahn, M.D., P.C. to Dismiss and for Entry of Separate and Final Judgment.

2. This Court has allowed Defendant's Motion to Dismiss on the grounds that Plaintiff Penny Letendre did not file a bond within thirty (30) days of the March 6, 2006 entry of the finding of the Medical Malpractice Tribunal in favor of Defendant Min S. Ahn, M.D. and Min S. Ahn, M.D., P.C.

3. As to Defendants' Motion for Entry of Separate and Final Judgment, this Court finds:

    a. this is an action in medical malpractice;

    b. on March 6, 2006, a Finding of The Medical Malpractice Tribunal entered in favor of the Defendants, thus requiring that the action against Defendant Min S. Ahn, M.D. and Min S. Ahn, M.D., P.C. was to be dismissed if $6,000 bond was not posted within thirty (30) days;

    c. Plaintiff Penny Letendre did not file said bond within the thirty (30) day period;

    d. given the nature and expense of discovery in a medical malpractice action, it is in the interest of both Plaintiff and Defendants - and in the interest of

    sound judicial administration - to have the matter conclusively determined at this point and time; and

4. This Court therefore finds that there is no just reason for delay of entry of separate and final judgment in favor of Defendant.

5. Entry of Judgment dismissing the Complaint with prejudice as to Defendant Min S. Ahn, M.D. and Min S. Ahn, M.D., P.C. is Ordered.

      By the Court:

      _____

DATED:

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PENNY LETENDRE,
    Plaintiff,

v.

MIN S. AHN, M.D., and JANE DOE, and
MIN S. AHN M.D., P.C., d/b/a
THE AESTHETIC WELLNESS CENTER
    Defendants

C.A. NO 05-CV-10656MLW

## JUDGMENT

This action came before the Court on the Motion of Defendant ital for a separate and final Judgment pursuant to Fed. R.Civ. P. 54(b); and G.L. c. 231, §60B. The Court, having considered the matter, determined that there was no just reason for delay and ordered a separate and final judgment to enter as to any and all claims of direct negligence against Defendant Min S. Ahn, M.D. and Min S. Ahn, M.D., P.C..

Accordingly, it is ORDERED AND ADJUDGED:

The Complaint as against Defendant Min S. Ahn, M.D. and Min S. Ahn, M.D., P.C. is dismissed with prejudice.

By the Court:

_____

DATED:

## CERTIFICATE OF SERVICE

I, Andrew T. Neuwirth, hereby certify that I have served a copy of the enclosed Motion of Defendants Min S. Ahn, M.D. and Min S. Ahn, M.D., P.C. d/b/a the Aesthetic Wellness Center to Dismiss Pursuant to F. R. Civ. P. 12(b)(6) for Failure to Post a Tribunal Bond and for Entry of Separate and Final Judgment on:

>Peter Petrarca, Esquire
>Petrarca & Petrarca
>330 Silver Spring Street
>Providence, RI 02904

by mailing a copy of same, first-class postage prepaid, to the above.

Signed under the pains and penalties of perjury.

_____
Andrew T. Neuwirth
B.B.O.#659415
Foster & Eldridge, LLP
One Canal Park, Suite 2100
Cambridge, MA  02141
Telephone:  (617) 252-3366

DATED: 4/11/06